John R. GAY, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 3499.

District of Columbia Court of Appeals.

Submitted June 8, 1964.

Decided July 17, 1964.

Sol Rothbard, Washington, D. C., for appellant.

Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair and David P. Sutton, Asst. Corporation Counsel, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a conviction for violating Section 2403 of the District of Columbia Housing Regulations.[1]

▆▆▆ Appellant, the operator of a rooming house, was charged with having more than eighteen persons in residence on the premises. Attached to his application for a rooming house license was an affidavit which stated:

"John R. Gay being first duly sworn according to law, on oath deposes and says that he is the operator of premises 2602 University Place, N. W., Washington, D. C., that in connection therewith the occupancy thereof will be limited to not more than eighteen (18) persons in accordance with available facilities and in compliance with the housing regulations in force and effect in the District of Columbia."

On January 16, 1964, appellant received a formal notice from the Housing Division of the Department of Licenses and Inspections informing him of the overcrowded conditions. The notice directed him to comply with the applicable regulations by February 17, 1964. On January 17, 1964, an information was filed charging that

1. Section 2403 deals with minimum basic plumbing facilities.

"* * * on or about the 15th day of January" 1964 more than eighteen persons were in residence in the rooming house. Trial was held on February 26, 1964, at which time evidence was introduced to show that the number of people living on the premises was still greatly in excess of eighteen.

Appellant contends that the trial court erred in finding him guilty as charged. He argues that on January 15, 1964, he had not been given an opportunity to remedy the alleged violations. Section 2104 of the Housing Regulations provides:

"Any person who fails to comply with any provision of this Code after expiration of the time for compliance established in accordance with this Code shall upon conviction be punished by a fine not to exceed $300, or by imprisonment for not to exceed 10 days, in lieu of or in addition to any fine, for such failure to comply. * * *"

In our view this section does not make the time for compliance an element of the offense. It merely affords an opportunity to take corrective action to avoid the penalties provided therein. Failure to take such action is not a condition precedent to the *existence* of a Housing Code violation.

A review of the record discloses substantial evidence to support the conviction.

Affirmed.